IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBORAH FERGUSON,                         3:16-CV-00706-BR

       Plaintiff,                       OPINION AND ORDER

v.

MANAGEMENT TRAINING
CORPORATION, a foreign
corporation, and INLAND
BOATMAN'S UNION,

       Defendants.


**ERIC J. FJELSTAD**
Smith & Fjelstad
722 N. Main Avenue
Gresham, OR 97030
(503) 669-2242

**MARTIN C. DOLAN**
Dolan Law Group PC
4300 N.E. Fremont St
Suite 250
Portland, OR 97213
(503) 227-2377

       Attorneys for Plaintiff


1 - OPINION AND ORDER

**MARK A. CRABTREE**
**APRIL L. UPCHURCH FREDRICKSON**
Jackson Lewis PC
1001 S.W. Fifth Avenue
Suite 1205
Portland, OR 97204
(503) 229-0404

       Attorneys for Defendant Management Training Corporation

**ROBERT H. LAVITT**
**DMITRI L. IGLITZIN**
**MICHAEL S. ROBINSON**
Schwerin Campbell Barnard Iglitzin & Lavitt LLP
18 W. Mercer Street
Suite 400
Seattle, WA 98119
(206) 285-2828

       Attorneys for Defendant Inland Boatman's Union

**BROWN, Judge.**

This matter comes before the Court on Defendant Management Training Corporation's Revised Motion (#20) to Dismiss Plaintiff's Complaint and the Motion (#18) to Dismiss of Defendant Inland Boatman's Union. For the reasons that follow, the Court **GRANTS** Defendants' Motions and **DISMISSES** this matter **with prejudice**.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and the parties' materials related to Defendants' Motions to Dismiss.

On April 25, 2016, Plaintiff Deborah Ferguson filed a Complaint in this Court in which she brings claims for violation

2 - OPINION AND ORDER

of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12111; disability discrimination in violation of Oregon state law; sex discrimination in violation of Title VII, 42 U.S.C. § 2000, *et seq.*; sex discrimination in violation of Oregon Revised Statute § 659A.030; whistleblower discrimination in violation of Oregon Revised Statute § 659A.199; and common-law wrongful discharge.

On August 2, 2016, Plaintiff effected service on Defendant Management and Training Corporation (MTC).  On August 3, 2016, Plaintiff effected service on Defendant Inland Boatman's Union.

On August 24, 2016, Inland Boatman's Union filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).  On August 29, 2016, MTC filed a Revised Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).[1]  The Court took Defendants' Motions under advisement on November 10, 2016.

## DISCUSSION

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) on the ground that Plaintiff did not serve them timely under Federal Rule of Civil Procedure 4.

**I.    Standards**

Rule 4(m) provides:

---

[1] MTC filed a Motion to Dismiss on August 24, 2016.  Its Revised Motion to Dismiss supersedes its initial Motion.

3 - OPINION AND ORDER

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

This Court does not have jurisdiction over a defendant unless it has been properly served pursuant to Rule 4.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).  *See also Crowley v. Bannister*, 734 F.3d. 967, 975 (9th Cir. 2013)("[The plaintiff] failed to serve [Defendant] Sussman; therefore, the district court lacked personal jurisdiction over Dr. Sussman.").  If a plaintiff fails to serve a defendant within the time required by Rule 4, the Court must dismiss the matter unless the plaintiff shows good cause for her failure to timely serve the defendant.

**II. Plaintiff did not timely serve Defendants and has not shown good cause for her failure to do so.**

It is undisputed that Plaintiff did not serve either Defendant within 90 days after she filed her Complaint.  Plaintiff served MTC 99 days after she filed her Complaint and served Inland Boatman's Union 100 days after she filed her Complaint.  Plaintiff, however, asserts she has shown good cause for her failure to serve Defendants timely.  Specifically, Plaintiff relies on the September 19, 2006, Declaration of her former counsel, Eric Fjelstad, in support of his request for an extension of time to file a response to Defendants' Motions to

Dismiss in which he testified in relevant part that "[d]ue to illness, plaintiff's counsel has been unable to perform any work defending against the defendants' motions to dismiss filed in this case."  Decl. of Eric Fjelstad at 1.  In Plaintiff's Motion to Extend Deadlines Mr. Fjelstad also stated he has

> been ill for a long time, but my illness has been particularly acute the past couple of months.  I have been unable to spend any real time in the office performing legal work.
>
> * * *
>
> In large part because of my illness, I have been winding up my legal practice for the past several months.  I originally intended on retiring effective August 1, but was unable to wrap up the practice by that time.  I now fully intend on retiring effective October 1, 2016.

Pl.'s Mot. at ¶¶ 1-2.

Defendants, in turn, assert Mr. Fjelstad's September 19, 2016, Declaration and Motion are insufficient to establish his illness precluded him from serving Defendants by July 24, 2016, which was 90 days from the day Plaintiff filed her Complaint.  In fact, Mr. Fjelstad eventually completed service on Defendants, albeit late.

Courts that have addressed untimely service due to illness have noted:  "Courts are disinclined to find good cause on the basis of mere assertions that counsel found it inconvenient or difficult to effect service in a timely manner."  *John v. City of Bridgeport*, 309 F.R.D. 149, 154-55 (D. Conn 2015)(citing *Gibbs v.*

5 - OPINION AND ORDER

*Imagimed, LLC*, No. 11 Civ. 2949(ER), 2013 WL 2372265, at *2 (S.D.N.Y. May 30, 2013)(court concluded counsel failed to show good cause for untimely service when counsel asserted he was preoccupied with the care of his sick wife and two daughters). "Plaintiff's counsel is obliged not merely to state why service was not made, but to explain why, in the circumstances, service was not possible despite reasonable efforts." *John*, 309 F.R.D. at 155.  *See also Estate of White v. Hartford Life and Acc. Ins. Co.*, No. 4:07-cv-00145, 2007 WL 7217079, at *3 (S.D. Tex. Oct. 11, 2007)("Plaintiffs argue that they were unable to serve HCT within 120 days first, because the attorney for the Plaintiffs is a sole practitioner and became ill prior to the time to complete service. . . .  Plaintiffs[,however, do not] adequately explain why their attorney's illness prevented him from serving Defendant within five months of naming HCT in the amended complaint.  The Court further observes that Plaintiffs made no request for additional time to serve HCT.").

    Here Mr. Fjelstad did not advise the Court that any specific efforts were made to serve Defendants within the 90-day period or explain why service was not possible despite any such efforts.  In addition, he did not make any request for additional time to serve Defendants.

    The Court, therefore, concludes Plaintiff has not established good cause for failing to serve Defendants within the

6 - OPINION AND ORDER

90-day period mandated by Rule 4(m).

Accordingly, the Court grants Defendants' Motions to Dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to serve Defendants timely.

### III. Plaintiff's claims are dismissed with prejudice.

Defendants concede Rule 4(m) provides a dismissal should be without prejudice when a plaintiff fails to serve a Defendant within the 90-day period.  Defendants assert, however, that Plaintiff's federal and state statutory claims should be dismissed with prejudice because if Plaintiff brought a second action based on those claims, that action would be barred as untimely for failing to bring it within 90 days of her Notice of Right to Sue from the EEOC and BOLI.

The record reflects BOLI mailed Plaintiff a Notice of Right to Sue on February 2, 2016, in which it advised Plaintiff that she had a right to "file a suit . . . based on the allegations in her complaint within 90 days from the date of this letter.  After 90 days, this right will be lost."  Decl. of Linda Zillinger, Ex. 1 at 1.  Similarly, the EEOC mailed Plaintiff a Notice of Suit Rights on February 16, 2016, in which it advised Plaintiff that her "lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue . . . will be lost."  Zillinger Decl., Ex. 2 at 1 (emphasis in original).  Although the record does not reflect when Plaintiff received the EEOC letter, the

7 - OPINION AND ORDER

Ninth Circuit has adopted a rebuttable presumption that a plaintiff receives a right-to-sue letter within three days of its mailing.  *Payan v. Aramark Mgmt Svcs Ltd.*, 495 F.3d 1119, 1125 (9th Cir. 2007).  Plaintiff's BOLI Notice, therefore, required her to file her claims no later than May 5, 2016, and Plaintiff's EEOC notice required her to file her claims no later than May 19, 2016.

    As noted, even though Plaintiff initially filed her Complaint on April 25, 2016, she did not timely serve Defendants, and, therefore, the Court would under other circumstances dismiss this matter without prejudice pursuant to Rule 4(m).  Courts have made clear, however, that when an action "'is dismissed without prejudice, . . . the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'"  *Miller v. Johnson*, No. 1:16-cv-00727-JLT, 2016 WL 6217045, at *5 (E.D. Cal. Oct. 24, 2016)(quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)).  *See also O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006)(When "a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period.  In such cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's

8 - OPINION AND ORDER

underlying cause of action if the sheer passage of time precludes the prosecution of a new action.")(quotations omitted)); *Dupree v. Apple, Inc.*, No. 16-CV-00289-LHK, 2016 WL 4191653, at *6 (N.D. Cal. Aug. 9, 2016)("The ninety-day statute of limitations period for Title VII actions is not tolled because the initial action was dismissed without prejudice.  Amendment would therefore be futile.  Defendant's motion to dismiss Plaintiff's first and fifth causes of action as they relate to Title VII violations . . . is therefore granted with prejudice.")(quotation omitted)).

Here, as in *Dupree*, the ninety-day limitations period for Plaintiff's statutory claims would not be tolled because the Court must dismiss this matter for failure to serve Defendants within the required time.  Because this matter is now beyond the ninety-day limitations period, any attempt to refile this action to assert Plaintiff's statutory claims would be futile.

Accordingly, the Court dismisses Plaintiff's First through Fifth Claims with prejudice.

**IV. Plaintiff's wrongful-termination claim is preempted**.

Plaintiff alleges in her Complaint that she "was forced to pass a student . . . who clearly had failed the course [Plaintiff] taught," which Plaintiff believed was against federal law.  Compl. at ¶ 13.  Plaintiff alleges she "objected vehemently" to passing the student, and, as a result, Defendants "engaged in a series of retaliatory acts against" Plaintiff.  *Id*.

These allegations form the factual basis for both Plaintiff's Fifth Claim for whistleblower discrimination in violation of Oregon Revised Statute § 659A.199 and her Sixth Claim for common-law wrongful discharge.  Defendants move to dismiss Plaintiff's Sixth Claim on the ground that Plaintiff cannot bring a wrongful-termination claim because she has an adequate statutory remedy.

### A. Standards

Under Oregon law an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement.  *Yeager v. Providence Health Sys. Or.*, 195 Or. App. 134, 140 (2004).  The tort of wrongful discharge is a narrow exception to this general rule.  *Dew v. City of Scappoose*, 208 Or. App. 121, 140 (2006).  The tort of wrongful discharge was not intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question is unacceptable and no other remedy is available.  *Reddy v. Cascade Gen., Inc.*, 227 Or. App. 559, 567 (2009)(citation omitted).  Oregon courts have recognized two circumstances that give rise to the common-law tort of wrongful discharge:  (1) discharge for exercising a job-related right of important public interest and (2) discharge for complying with a public duty.

### B. Analysis

Defendants contend Plaintiff may not bring her common-

10 - OPINION AND ORDER

law wrongful-termination claim because Oregon Revised Statute § 659A.199 provides an adequate statutory remedy. *See, e.g., Shaw v. Action Fin. Svcs. LLC.*, No. 1:14-CV-00469-CL, 2014 WL 4404961, at *3 (Sept. 5, 2014)("ORS § 659A.199 provides an adequate (if not better) remedy than a wrongful termination claim. Thus, Shaw's claim that AFS violated ORS § 659A.199 by retaliating against Shaw for Shaw's report of alleged discrimination against him precludes a common law wrongful termination claim based on the same conduct."); *Shapiro v. Am. Bank. [FSB]*, No. 3:12-cv-1358-AC, 2013 WL 6157266, at *4 (Nov. 21, 2013)(same); *Franklin v. Clarke*, No. 10-00382-CL, 2011 WL 4024638, at *11 (D. Or. Sept. 9, 2011)(same); *Duran v. Window Prods., Inc.*, CV No. 10-125-ST, 2011 WL 1261190, at *2-3 (D. Or. Mar. 29, 2011)(same). *But see Krouse v. Ply Gem Pac. Windows Corp.*, No. 10-111-HA, 2011 WL 2971774, at *8 (D. Or. July 19, 2011)(holding the plaintiff's wrongful-discharge claim was not precluded by § 659A.199).

In *Duran* the court thoroughly analyzed whether Oregon Revised Statute § 659A.199 provides an adequate statutory remedy. In that case the plaintiff brought a claim under § 659A.199 and a claim for wrongful termination. In bringing her wrongful-termination claim, the plaintiff relied on *Olsen v. Deschutes Cty.*, 204 Or. App. 7 (2006), in which the Oregon Court of Appeals addressed whether the court should dismiss the plaintiffs'

11 - OPINION AND ORDER

wrongful-termination claim because the plaintiffs had the option of pursuing adequate statutory remedies under § 659.510 (renumbered § 659A.203) of Oregon's whistleblower statute. *Duran*, 2011 WL 1261190, at *4.  The Oregon Court of Appeals concluded the fact that the statutory remedies were adequate was insufficient standing alone because the legislature stated explicitly in the text of the statute that the remedies were not intended to restrict or to impair any existing common-law remedies.  The plaintiff in *Duran* contended even though the statutory remedies under § 659A.199 were adequate, the legislature specifically provided in § 659A.199(2) that the remedies are "in addition to any common law remedy . . . for the conduct constituting a violation of this section," and, therefore, the plaintiff's wrongful-termination claim was not precluded by § 659A.199 under *Olsen*.  The court, however, rejected the plaintiff's argument.  Although the court conceded the language of § 659A.199(2) in conjunction with the holding in *Olsen* appears to suggest that the plaintiff's wrongful-termination claim was not precluded, the court noted two grounds for declining to follow the reasoning in *Olsen*:

> First, *Olsen* interprets Oregon Supreme Court precedent in this area in a manner that the [Oregon] [S]upreme [C]ourt itself has not expressly articulated and which is arguably contrary to that higher court's still-controlling holdings on this point.  In fact, the Oregon Supreme Court has never expressly overruled or even clarified its prior decisions to mean what *Olsen* holds.  Second, the requirement that clear legislative

12 - OPINION AND ORDER

> intent always be present before a wrongful discharge claim is precluded — that an adequate statutory remedy by itself is not enough — necessarily expands the tort of wrongful discharge into areas where legislation already has given the claimant an adequate remedy and the public's interest is protected.  Such expansion is clearly at odds with the tort's original construct, "to fill a remedial gap where a discharge would be left unvindicated," *Dunwoody v. Handskill Corp*., 60 P.3d 1135, 1139 (Or. Ct. App. 2003), and its original purpose to "serve as a narrow exception to the at-will employment doctrine in certain limited circumstances where the courts have determined that the reasons for the discharge are so contrary to public policy that a remedy is necessary in order to deter such conduct." *Draper*, 995 F. Supp. at 1129.  Put another way, *Olsen*'s holding at least enlarges the availability of the tort in ways that the Oregon Supreme Court did not contemplate when it created the tort and has not expressly approved since, thus potentially converting the tort from being a narrow exception to the general rule to the general rule itself.

2011 WL 1261190, at *3 (quoting *Reid v. Evergreen Aviation Ground Logistics Enter., Inc.*, Civil No. 07-1641-AC, 2009 WL 136019, at *15-20 (D. Or. Jan. 20, 2009)).

This Court has previously adopted the reasoning set out in *Duran* and continues to do so here.  *See, e.g.*, Findings and Recommendation of Dennis James Hubel, M.J. (adopted on June 24, 2008, by Brown, J.); *James v. Evergreen Intern. Airlines, Inc.*, No. 07-CV-1640-HU, 2008 WL 2564804, at *5 (D. Or. June 23, 2008) ("[The plaintiff] argues that the test used in *Draper* to determine whether an alternate remedy exists requires a showing that an alternate adequate remedy exists and that the legislature intended the remedy to supersede common law remedies.  [The plaintiff] is incorrect.  The test is a disjunctive one in which

13 - OPINION AND ORDER

a wrongful termination claim is precluded if the alternate remedy is adequate or if the legislature intended the remedy to supersede common law remedies.").  Thus, the Court concludes the presence of an adequate statutory remedy under Oregon Revised Statute § 659A.199 precludes a claim for wrongful termination that is based on the same conduct that underlies Plaintiff's Fifth Claim for violation of § 659A.199.

Accordingly, on this record the Court grants Defendants' Motion to Dismiss Plaintiff's wrongful-discharge claim and dismisses that claim with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** MTC's Revised Motion (#20) to Dismiss Plaintiff's Complaint, **GRANTS** Inland Boatman's Union's Motion (#18) to Dismiss, and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 10th day of January.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge